<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.: 15-cr-00324 (KSH) |
| v. | |
| GEORGE ALEXIS MUNOZ, *Defendant.* | <u>**OPINION**</u> |

### I.   Background

Following his guilty plea to a charge of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846, the Court sentenced defendant George Munoz to 60 months' imprisonment, followed by a 4-year term of supervised release. He is currently incarcerated at FCI Morgantown, and he is scheduled to be released on November 27, 2021. In the application presently before the Court (D.E. 71), he has sought a reduction in sentence and/or release to home confinement on compassionate release grounds due to the COVID-19 pandemic and coupled with an underlying medical condition of asthma. The government has opposed. (D.E. 75.)

### II.   Legal Standard

The Court may modify a term of imprisonment only under limited circumstances. *In re Morris*, 345 F. App'x 796, 797-98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1), the Court may reduce a term of imprisonment,

1

after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, if it finds that extraordinary and compelling reasons warrant the reduction and the relief is consistent with applicable policy statements issued by the United States Sentencing Commission.

The applicable Sentencing Commission policy statement, in turn, permits a court to reduce a term of imprisonment under § 3582(c)(1)(A) where extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g), and release would comport with consideration of the § 3553(a) factors.  U.S. Sent'g Guidelines Manual ("USSG") § 1B1.13 (U.S. Sent'g Comm'n 2018); *see also United States v. Moore*, 2020 WL 4282747, at *2 (D.N.J. July 27, 2020) (McNulty, J.); *United States v. Cantatore*, 2020 WL 2611536, at *2 (D.N.J. May 21, 2020) (Salas, J.).

### III. Discussion

Resolution of Munoz's application turns on whether he has shown an "extraordinary and compelling reason" warranting a reduction in his sentence; absent the existence of such reason, it is unnecessary to assess the sentencing factors under 18 U.S.C. § 3553(a) or the issue of dangerousness under 18 U.S.C. § 3142(g).  When, as here, a medical condition is the basis for a claim that extraordinary and compelling reasons exist, the defendant must be:

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, Application Note 1(A)(ii).  *See also United States v. Alexander*, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020) (Wolfson, J.) (policy statement offers "useful guidance" in determining eligibility for compassionate release).  To evaluate whether this language is implicated, the Court must assess the evidence before it as to Munoz's medical condition and the likelihood he will contract COVID-19 at FCI Morgantown.  *See Moore*, 2020 WL 4282747, at *3.

Munoz contends that he has been suffering from asthma since childhood, has been continuing to suffer from "deadly" asthma attacks while incarcerated, and that the confined conditions at FCI Morgantown make him more susceptible to the virus.  (D.E. 71.)  The Court, however, is not satisfied that he has met his burden of demonstrating an extraordinary and compelling reason warranting a reduction in his sentence.

From the onset of the pandemic, the Centers for Disease Control and Prevention ("CDC") have distinguished between medical conditions that are "consistently and directly linked to an increased risk of severe illness from COVID-19" and other medical conditions that "might" present an increased risk of severe illness.  *See* CDC, People with Certain Medical Conditions (last updated December 1, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  "Severe illness" from COVID-19

3

is defined as "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death." *Id.* Early on in the pandemic, the CDC listed moderate-to-severe asthma as a condition that did place infected individuals at an increased risk of severe illness. That was revised, and as of this writing, moderate-to-severe asthma *might* present an increased risk. *Id.*

Additionally, Munoz's claims are not well supported insofar as he asserts a lifelong condition. On January 23, 2017, the U.S. Probation Office prepared a final presentence investigation report ("PSR") for the Court in connection with Munoz's February 2017 sentencing. (D.E. 75-1.) Noticeably absent from the PSR is any mention of asthma or other asthma-like conditions: "According to Munoz, in 2016, he was diagnosed as having slightly elevated blood pressure, and no medications were prescribed. Otherwise, Munoz reported he is in good health." (*Id.* at ¶ 72.) Likewise, when the Bureau of Prisons ("BOP") examined him in May 2017, he denied any respiratory conditions, and the examining medical professionals identified no chest pain, cough, wheezing, or shortness of breath. (D.E. 75-2.) Similar medical records from 2018, 2019, and part of 2020 indicate that he, again, denied any respiratory conditions and his examination revealed no substantive medical health changes or identified any asthma or asthma-like health conditions. (D.E. 75-3, 75-4, D.E. 75-5.)

On June 8, 2020, however, Munoz first complained about pulmonary and respiratory issues, specifically, shortness of breath during exercise. (D.E. 75-5 at 0091.) As a result, BOP Health Services prescribed him an inhaler, but the attending

4

medical professional suspected "some degree of malingering behavior," noting that his "physical exam findings [were] not consistent with [his medical] history." (*Id.* at 0092.) On June 24, 2020, he again complained of breathing problems and stated, "I think my asthma is starting to act up." (*Id.* at 0098, 0129.) On July 31, 2020, he complained for a third time, and the examining medical professional made the notation: "Received record today (under known alias) that mentions a 'history of childhood asthma.'" (*Id.* at 0096, 0125.) That same day, Munoz was prescribed prednisone, a corticosteroid, to treat his cough. On August 19, 2020, he was prescribed prednisone a second time.

After an examination of the full record before the Court, the foregoing is the extent of Munoz's asthma-related medical history.[1] Even assuming he has asthma there is no evidence it amounts to a moderate-to-severe level, and as to that underlying health condition, the CDC states it only as one that "might" present an increased risk of severe illness. On this record, then, the Court cannot conclude that Munoz has a "serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care" in a correctional facility and from which he is not expected to recover. *See* USSG § 1B1.13, Application Note 1(A)(ii).

---

[1] Munoz's history of asthma is also asserted in letters to the Court from his mother, father, and brother. (D.E. 71-1, Ex. E.) These do not comport with the more objective evidence in the medical records and Munoz's own statements when interviewed by U.S. Probation.

As for the conditions at FCI Morgantown, in which Munoz contends COVID-19 would "spread like wildfire" (D.E. 71 at 5), the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). As of December 2, 2020, FCI Morgantown reports 30 active inmate cases and two active staff cases, and five staff and six inmate recoveries. BOP, COVID-19 Coronavirus, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited December 2, 2020). Although no prison is immune from the spread of COVID-19, FCI Morgantown currently ranks 36th in positive inmate cases among the BOP's 121 facilities and 39 recreational centers and has not experienced any COVID-19 related deaths among its inmate and staff populations. *Id.*

Under the circumstances, the Court cannot find that an extraordinary and compelling reason for reduction in Munoz's term of imprisonment has been shown. Accordingly, the Court need not reach whether the sentencing factors under 18 U.S.C. § 3553(a) favor that relief or the issue of dangerousness under 18 U.S.C. § 3142(g).

## IV.     Conclusion

Munoz's application (D.E. 71) is denied. An appropriate order will issue.


Dated: December 3, 2020                    /s/ Katharine S. Hayden
                                           Katharine S. Hayden, U.S.D.J.